Filed 9/16/13  P. v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048116 |
| v. | (Super. Ct. No. 12CF3199) |
| BILLY DUANE SMITH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Lewis A. Wenzell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Billy Duane Smith on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court no issues were found to argue on his behalf. Pursuant to *Anders v. California* (1967) 386 U.S. 738, to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel provided information on two issues: (1) whether the trial court abused its discretion in revoking Smith's probation; and (2) whether the court abused its discretion in sentencing Smith to serve out his sentence. We have reviewed the information provided by counsel, and we have independently examined the record. We found no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) The judgment is affirmed.

FACTS

On December 12, 2012, Smith pled guilty to receiving stolen property (Pen. Code, § 496, subd. (a)),[1] a stolen laptop computer. The trial court sentenced Smith to two years in custody pursuant to section 1170, subdivision (h), with 92 days of custody credit, and placed him on mandatory supervision for 20 months and 28 days. One of the conditions of Smith's release was that he "report to [p]robation regarding [m]andatory [s]upervised [r]elease within 72 hours of release."

On December 20, 2012, a petition for revocation of mandatory supervision was filed alleging Smith had failed to report to probation as ordered by the court. Smith was arraigned on the violation petition on January 10, 2013, and the matter was set for hearing on January 31, 2013.[2] At the hearing, Smith's counsel submitted on the matter noting "[t]he issue is not whether . . . Smith violated or not." Counsel argued Smith

---

[1] All further statutory references are to the Penal Code.

[2] Smith was on an additional grant of probation (Super. Ct. Orange County, No. 11CF2243) that is not the subject of this appeal.

should be placed in a program that would address his homelessness. The prosecutor argued against a program explaining Smith had seven prior violations on pending cases. The court took judicial notice of the petition and found Smith had violated mandatory supervision by failing to report to the probation officer as directed. The court noted Smith had failed to exhibit any willingness to abide by probation conditions despite numerous chances. The court revoked Smith's mandatory supervision and ordered him to serve the balance of his sentence. Smith filed a timely notice of appeal on March 5, 2013.

### DISCUSSION

Counsel suggests two issues that might arguably support an appeal. We will address each in turn.

*Did the trial court abuse its discretion in revoking Smith's probation?*

Pursuant to section 1203.2, subdivision (a), a court is authorized to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe the person has violated any of the conditions of his or her probation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 440 (*Rodriguez*).) We review the trial court's ruling for an abuse of discretion. (*People v. Shepherd* (2007) 151 Cal.App.4th 1193, 1197-1198.)

Here, there was no question Smith failed to comply with the terms and conditions of his probation. Counsel conceded the issue. We find no abuse of discretion in the trial court's revocation of Smith's probation.

*Did the trial court abuse its discretion in sentencing Smith to serve out his sentence?*

Having concluded the trial court properly revoked Smith's probation, the next issue is whether the court erred in not reinstating probation and instead imposing the balance of Smith's sentence.

3

A trial court is accorded "very broad discretion in determining whether a probationer has violated probation." (*Rodriguez, supra,* 51 Cal.3d at p. 443.) Only in a very extreme case should a reviewing court interfere with a trial court's discretion to revoke probation. (*Id.* at p. 443.) When the sufficiency of the evidence supporting a trial court's probation revocation decision is challenged on appeal, we apply the substantial evidence standard of review, under which "great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]' [Citation.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) We view the evidence in the light most favorable to the judgment, and we do not reweigh the evidence, resolve conflicts in the evidence, or reevaluate the credibility of witnesses. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

Here, the trial court's decision is amply supported by record. Although it was Smith's first violation on *this* grant of probation, it was his fourth violation on another grant of probation. Additionally, in the two years proceeding this violation, Smith suffered three felony convictions. The record demonstrates Smith had multiple chances to comply with a very basic condition of his probation—that he report to probation. This he failed to do on multiple occasions. We find no abuse of discretion in the trial court concluding Smith lacked the accountability, responsibility, and discipline necessary to perform well on probation and complete the program suggested by counsel. We have independently reviewed the entire record and conclude there is no arguable issue on appeal.

## DISPOSITION

The judgment is affirmed.


                                              O'LEARY, P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.